IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUILLERMINA PARTIDA,

    Plaintiff,                                        CIV. NO. S-11-3170 CKD

    vs.

CHRISTOPHER D. PAGE et al.,

    Defendants.                                 ORDER

_____/

        This is a federal question action alleging a claim for violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. It also includes supplemental state law claims for violation of California's Unruh Civil Rights Act, medical malpractice, battery, and negligence. All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1), and the action was subsequently referred to the undersigned for all further proceedings and entry of final judgment. (Dkt. Nos. 6, 7, 11.)

        Pending before the court is defendants Christopher D. Page, M.D. ("Dr. Page") and North Valley Orthopaedic and Hand Surgery's ("North Valley") motion to dismiss plaintiff Guillermina Partida's complaint, presently scheduled for hearing on March 14, 2012. (Dkt. Nos. 5, 11.) Plaintiff filed an opposition to the motion (dkt. no. 9), and defendants filed a reply brief.

1

(Dkt. No. 10.) Having reviewed the parties' briefing, the court concludes that oral argument would not be of material assistance in resolving the pending motion. Accordingly, the March 14, 2012 hearing on defendants' motion to dismiss will be vacated.

After reviewing the papers in support of and in opposition to defendants' motion to dismiss, the court's record in this matter, and the applicable law, the court now issues the following order.

BACKGROUND

The background facts are taken from plaintiff's complaint filed on November 30, 2011. (See Complaint, Dkt. No. 1 ["Compl."].) Defendant Dr. Page is a podiatric surgeon and a staff member of defendant North Valley. (Compl. ¶¶ 5-6.) Plaintiff was a patient of Dr. Page and North Valley from approximately December, 2009 until November, 2010. (Compl. ¶ 1.) According to the complaint, defendants accepted payment for services rendered to plaintiff via the federal Medicare system and the California Medi-Cal system. (Compl. ¶¶ 11, 20.) Plaintiff initially sought treatment for a bunion and broken toe on her left foot, and subsequently underwent multiple procedures and office visits over the course of her treatment with defendants, during which time her condition worsened dramatically. (Compl. ¶¶ 2-3.) Plaintiff asserts that, due to defendants' mistreatment and mistakes, which allegedly fell below the standard of care for competent medical professionals, she currently faces the likelihood of a partial or total amputation of her foot. (Compl. ¶¶ 4, 29-31.)

Furthermore, plaintiff alleges that she was born in Mexico and is a non-native, low proficiency speaker of the English language. (Compl. ¶ 12.) She allegedly has a limited ability to comprehend spoken and written English, particularly the complex English involved in sensitive medical communications. (Compl. ¶ 13.) Plaintiff alleges that defendants failed to provide a translator to ensure effective communication regarding her medical treatment and that she "did not understand the reasons for any of Defendants' medical decisions or the justifications for, or the risks or benefits of, the procedures she underwent, or the procedures Defendants

withheld" during treatment. (Compl. ¶¶ 14-15.) Plaintiff contends that if she had been provided with a trained medical translator, she "could have participated in a manner similar to native English speakers; that is, she could have participated more meaningfully in, and made decisions about, her medical care prior to her foot becoming irreconcilably infected." (Compl. ¶ 16.) She claims that the failure to provide a translator caused her to "misapprehend the full risks or benefits of the procedures to which Defendants subjected her, and those from which they refrained from subjecting her to, resulting in her permanent injury." (Compl. ¶ 17.) As such, defendants failed to obtain informed consent from plaintiff with respect to her treatment. (Compl. ¶ 34.)

Additionally, plaintiff alleges, based on information and belief, that Dr. Page has previously been sued for medical malpractice, but that he failed to seek additional training, supervision, or assistance with his practice of podiatric medicine. (Compl. ¶¶ 38, 40.) Plaintiff further alleges, on information and belief, that North Valley was aware of previous incidents of malpractice by Dr. Page, but failed to provide him with additional training or closely supervise his work. (Compl. ¶ 39.) Plaintiff asserts that these failures were a direct and proximate cause of her injuries. (Compl. ¶ 41.)

Based on these allegations, as discussed above, plaintiff asserts five causes of action for: (1) violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.; (2) violation of California's Unruh Civil Rights Act; (3) medical malpractice; (4) battery; and (5) negligence. The instant motion to dismiss followed.

DISCUSSION

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

\\\\\

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

### First Cause of Action for Violation of Title VI of the Civil Rights Act of 1964

Plaintiff alleges that defendants discriminated against her on the basis of her national origin in violation of Title VI of the Civil Rights Act of 1964 by failing to provide a translator to ensure effective communication during plaintiff's medical treatment. 42 U.S.C. § 2000d provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

Even assuming that receipt of Medicare payments by a doctor as compensation for services rendered qualifies as the receipt of federal financial assistance for purposes of 42 U.S.C. § 2000d,[1] plaintiff's complaint fails to state a cognizable claim under that statute. As an initial matter, plaintiff does not allege that defendants intentionally discriminated against her on the basis of her national origin. For example, she does not allege that defendants refused to treat her because she was born in Mexico or speaks minimal English, or that defendants otherwise purposefully treated her differently from U.S.-born or English-speaking patients.

---

[1] There appears to be no Ninth Circuit authority on point – the parties do not cite any authorities addressing the subject, and the court's independent research has not uncovered any binding authority resolving the issue.

Instead, plaintiff's complaint, if liberally construed, alleges that defendants' practice of only providing medical services in English without the availability of translators has a disparate impact on limited English proficiency ("LEP") patients such as plaintiff, who cannot effectively communicate with their doctors in English regarding their treatment options. However, any purported disparate impact discrimination claim is not cognizable, because Title VI does not provide a private right of action for disparate impact discrimination – only for intentional discrimination. See Alexander v. Sandoval, 532 U.S. 275, 280, 285 (2001) (plaintiff had no private right of action under Title VI for alleged national origin discrimination based on the effect of the Alabama Department of Public Safety's decision to administer the state driver's license examination only in English); see also Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1129 (9th Cir. 2009) (holding that physician plaintiffs "are not potentially liable to their LEP patients under Title VI, for the Supreme Court has held that there is no private right of action for disparate impact discrimination under Title VI.").

Accordingly, plaintiff's claim under Title VI is not cognizable and should be dismissed. Furthermore, because it does not appear plausible that the claim could be cured through further amendment, leave to amend would be futile and dismissal with prejudice is appropriate.

Remaining State Law Causes of Action

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim...if – the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988). Here, given that the only

federal claim has dropped out in the early pleadings stage of the litigation, dismissal of the state law claims without prejudice is appropriate.[2]

CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. The March 14, 2012 hearing on defendants' motion to dismiss is vacated;

2. Defendants' motion to dismiss (dkt. no. 5) is granted;

3. Plaintiff's first cause of action for violation of Title VI of the Civil Rights Act of 1964 is dismissed with prejudice;

4. Plaintiff's remaining state law causes of action are dismissed without prejudice;

5. Judgment is entered for defendants; and

6. The Clerk of Court is directed to close this case.

Dated: March 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Partida.3170.mtd.wpd

---

[2] Plaintiff does not allege that diversity of citizenship jurisdiction exists. Indeed, it appears that plaintiff and all defendants are citizens of California.